UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT SKAU, *et al.*,

    Plaintiffs,

    v.

JBS CARRIERS, INC.,

    Defendant.

CASE NO. C17-1499-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion for remand (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion as it relates to remand and DENIES the motion as it relates to the award of attorney fees and costs.

## I. BACKGROUND

Plaintiff Kurt Skau ("Skau") worked as a truck driver for Defendant JBS Carriers, Inc. ("JBS"). (Dkt. No. 1-1 at 3.) Skau filed a class action lawsuit against JBS in King County Superior Court alleging that JBS violated several Washington State pay and hour regulations. (*Id*. at 4–5.) JBS removed the lawsuit to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) Skau asks the Court to remand the case to state court because JBS has not proved that the amount in controversy is greater than $75,000. (Dkt. No. 13 at 6.)

//

## II. DISCUSSION

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2013). Where federal jurisdiction is conferred by diversity, the removing party bears the burden of proving complete diversity of citizenship and an amount in controversy greater than $75,000. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citation omitted). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). If the complaint does not specify the amount of damages claimed, a removing defendant must establish the amount in controversy requirement by a preponderance of the evidence. *Id.* at 566-67.

Skau's motion turns on a single issue: should the Court factor prospective attorney fees into the $75,000 amount in controversy requirement when it determines whether removal is proper under 28 U.S.C. § 1441. Skau asserts that the Court should only consider attorney fees that have been incurred at the time of removal. (Dkt. No. 13 at 9.) JBS argues that the Court may add to the amount in controversy a reasonable estimate of Plaintiff's attorney fees likely to be incurred during litigation. (Dkt. No. 1 at 8.)

It is undisputed that where an underlying statute authorizes an award of attorney fees to a prevailing party, a claim for such fees can be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). There is Circuit split, however, as to whether attorney fees incurred after removal should be included in the amount in controversy. *Compare Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273-74 (7th Cir. 2001) (holding prospective attorney fees are not included as part of amount in controversy), *with Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), ("in calculating the amount in controversy, we must consider potential attorney's fees.") The Ninth Circuit has not resolved this issue. *See*

*Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n. 2 (9th Cir. 2016). As the parties point out, courts across the Circuit—and within the District—have reached differing conclusions. (Dkt. Nos. 13 at 9); *compare Keodalah v. Allstate Ins. Co.*, No. C15-01412-RAJ, slip op. at 4 (W.D. Wash. Mar. 25, 2016) (holding that future attorney fees should not be included in amount in controversy), *with Roe v. Teletech Customer Care Mgmt. (CO), LLC*, No. C07-5149-RBL, slip op. at 4 (W.D. Wash. June 6, 2007) (holding that estimates of future attorney fees can be included in the amount in controversy).

The Court has addressed this issue in a prior case. *See Holstrom v. Safeco Insurance Company*, Case No. C12-0506-JCC, Dkt. No. 28 at 4 (W.D. Wash. 2012). Similar to this case, *Holstrom* involved a class action lawsuit that the Defendant removed to this Court based on diversity jurisdiction. *Id*. at 2. The Defendant argued that the amount in controversy requirement was met because the Plaintiff's attorney would ultimately expend more than $75,000 litigating the case. *Id*. The Court reasoned that because diversity jurisdiction must be determined at the time an action commences, it is too speculative and impractical to estimate prospective attorney fees as part of the amount in controversy. *Id*. The Court held that its position was "consonant with the policy of strict construction of federal jurisdiction and the goals underlying the amount-in-controversy requirement, which preserves the jurisdiction of the state courts and limits the diversity caseload of the federal courts." *Id*. (citing *Snyder v. Harris*, 394 U.S. 332, 340 (1969)). In doing so, the Court joined others that have held that only attorney fees incurred at the time of removal should be included in the amount in controversy determination. *See, e.g.*, *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 959 (7th Cir. 1998); *Kahlo v. Bank of Am., N.A.*, No. C12-0083-RSM, slip op. at 3 (W.D. Wash. Mar. 28, 2012).

In this case, the parties dispute whether the amount in controversy is greater than $75,000. Skau's complaint seeks compensatory and exemplary damages, as well as attorney fees and costs under applicable state law. (Dkt. No. 1-1 at 12.) Because the complaint does not

specify the amount of damages sought, JBS has the burden of proving that the amount in controversy is greater than $75,000.

In its notice of removal, JBS calculates Skau's prospective damages as $53,648.66. (Dkt. No. 1 at 7.) Skau does not dispute this calculation. By declaration, Skau's attorneys assert that they had incurred $14,085 in fees at the time JBS removed the case from state court. (*See* Dkt. Nos. 14, 15.) While the total of these figures falls $7,266.34 short of the $75,000 amount in controversy threshold, JBS argues that Skau will incur litigation costs far in excess of that shortfall over the life of the lawsuit. (Dkt. No. 1 at 8.) In addition, JBS cites to past class action cases in which Skau's attorneys have been awarded attorney fees that alone eclipsed $75,000. (*Id*.) As noted above, the Court does not find that an estimate of future attorney fees can be used to satisfy the amount in controversy requirement. Therefore, JBS has failed to prove by a preponderance of the evidence that at the time of removal the amount in controversy was greater than $75,000. For that reason, Skau's motion to remand is GRANTED.

Skau additionally asks the Court to award him attorney fees and costs because "JBS lacked an objectively reasonable basis for removing this case to federal court." (Dkt. No. 13 at 12.) Because courts throughout our Circuit have resolved this issue differently, the Court concludes that JBS had an objectively reasonable basis to remove the case. Skau's motion for attorney fees and costs is DENIED.

### III. CONCLUSION

For those reasons, Plaintiffs' motion for remand (Dkt. No. 13) is GRANTED in part and DENIED in part. The Clerk is DIRECTED to remand this case to King County Superior Court.

DATED this 30th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE